UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE MOSHTAGH, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOME DEPOT U.S.A., INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-1205<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support, Home Depot states as follows.

1.     On June 28, 2019, the above-referenced action was filed and is currently pending against Home Depot in this Superior Court for the State of Washington, King County, Case No. 19-2-17245-2 SEA. Pursuant to LCR 101(b), a true and correct copy of plaintiff's complaint is attached. Plaintiff served his complaint on Home Depot on July 2, 2019. Declaration of John S. Devlin ("Devlin Decl."), filed concurrently, at ¶ 4, Ex. C.

2.     On July 29, 2019, Home Depot filed its Answer to the Complaint. A true and correct copy of Home Depot's Answer and all process, pleadings, and orders served upon Home Depot as part of the above action are attached to the Devlin Decl.

3.     Plaintiff is a current Home Depot employee. He alleges that Home Depot

DEFENDANT'S NOTICE OF REMOVAL - 1
No. 2:19-cv-1205

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000 FAX: 206.223.7107

106666.1062/7741760.1

violated Washington wage law by (i) failing to pay hourly and overtime wages, (ii) failing to provide statutorily required rest breaks, and (iii) making unlawful payroll deductions. Compl. ¶¶ 6.1 -9.3. Plaintiff also alleges that Home Depot violated the Consumer Protection Act ("CPA"), committing "deceptive acts or practices in trade or commerce" by failing to pay the putative class in accordance with Washington law and by its communications to the general public regarding its pay practices. *Id*. ¶¶ 4.17-4.20, 10.1-10.5.

4. Plaintiff seeks to bring this action on behalf of a class consisting of all persons employed by Home Depot as hourly, non-exempt employees in Washington at any point three years prior to the filing of Complaint, June 28, 2016, who (1) "had money deducted from their paychecks for The Homer Fund"; (2) "worked at least one shift…that ended after the store closed to the public"; or (3) "worked at least one shift of five hours in the district in which…Plaintiff worked." *Id.* ¶ 5.2.[1]

5. <u>Timeliness</u>. Plaintiff filed his Complaint in King County Superior Court on June 28, 2019. The Complaint was served on Home Depot on July 2, 2019. Home Depot's Notice of Removal is therefore timely because it is being filed within 30 days of the date of service. *See* 28 U.S.C. § 1446(b).

6. <u>Jurisdiction</u>. This is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441. Under 28 U.S.C. § 1441, a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any

---

[1] Home Depot denies plaintiff's allegations and disputes that this action is appropriate for class treatment. However, for purposes of estimating the amount in controversy, the allegations of plaintiff's complaint are assumed to be true. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (citations omitted)).

DEFENDANT'S NOTICE OF REMOVAL - 2
No. 2:19-cv-1205

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000 FAX: 206.223.7107

106666.1062/7741760.1

class member is a citizen of state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest). *See* 28 U.S.C. § 1332(d)(2), (d)(6), and (d)(11)(B)(i). These criteria are satisfied here.

7. <u>Class Size</u>. Plaintiff seeks to bring this action on behalf of all persons employed by Home Depot as hourly, non-exempt employees in Washington at any point three years prior to the filing of Complaint, June 28, 2016, who (1) "had money deducted from their paychecks for The Homer Fund"; (2) "worked at least one shift…that ended after the store closed to the public"; or (3) "worked at least one shift of five hours in the district in which…Plaintiff worked." Compl. ¶ 5.2. Plaintiff acknowledges that the number of class members is estimated to "exceed 1,000." *Id.* ¶ 5.4.a. In fact, since June 28, 2016, over 12,800 hourly, non-exempt employees in Washington have had paycheck deductions for donations to The Homer Fund; over 15,000 worked a shift that ended after their store closed to the public; and over 3,000 worked approximately five hours in a shift. Declaration of G. Edward Anderson ("Anderson Decl."), filed concurrently, ¶¶ 6-8.[2] Thus, the putative class includes more than 100 individuals.

8. <u>Diversity of Citizenship</u>. At all relevant times, there has been diversity of citizenship between the parties to the action. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (internal citations omitted). Minimal diversity exists if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

9. The putative class includes citizens of Washington, including plaintiff Moshtagh. Moshtagh maintains a Washington residential address on file with Home Depot and works at retail store in Bothell, Washington. *See* Declaration of Deanne Clawson ("Clawson Decl."), filed concurrently, ¶ 4; Compl. ¶ 2.1 (Plaintiff resides in "Kirkland, Washington" and "worked at the Home Depot store in Bothell, Washington from approximately February 2016 to

---

[2] A defendant may make the requisite showing by setting forth facts in the notice of removal or by affidavit. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

DEFENDANT'S NOTICE OF REMOVAL - 3
No. 2:19-cv-1205

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000 FAX: 206.223.7107

106666.1062/7741760.1

1  the present."). Plaintiff's employment and residence in Washington conclusively establish

2  Washington citizenship. *See Bey v. SolarWorld Indus. Am., Inc.*, No. 3:11-cv-1555-SI, 2012

3  WL 6692203, at *2 (D. Or. Dec. 26, 2012) (residential address provided by employee to

4  employer is prima facie evidence of citizenship).

5      10.  Further, plaintiff seeks to represent a class consisting of thousands of current

6  and former Washington employees. Compl. ¶ 5.2. This putative class logically includes other

7  Washington citizens as well.

8      11.  Home Depot is not a citizen of Washington. "[A] corporation shall be deemed

9  to be a citizen of every State … by which it has been incorporated and of the State … where it

10 has its principal place of business…." 28 U.S.C. § 1332(c)(1). Home Depot is not

11 incorporated in Washington. As plaintiff concedes, Home Depot is organized and incorporated

12 under the laws of Delaware. *See Ottaviano v. Home Depot, Inc. U.S.A.*, 701 F. Supp. 2d 1005,

13 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive

14 offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108

15 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in

16 Georgia"); Compl. ¶ 2.2; Clawson Decl. ¶ 2. Nor is Washington the state in which Home

17 Depot has its principal place of business, which is "the place where a corporation's officers

18 direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77,

19 92-93 (2010). Rather, Home Depot's principal place of business is Atlanta, Georgia.

20 *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108; Clawson Decl. ¶ 2.

21     12.  Accordingly, this action involves citizens of different states: Plaintiff is a

22 citizen of Washington (and seeks to represent other Washington citizens) and Home Depot is a

23 citizen of Delaware and Georgia. Thus, the CAFA minimal diversity requirement is satisfied.

24 *See* 28 U.S.C. § 1332(d)(2).

25     13.  <u>Amount in Controversy</u>. Home Depot avers, for purposes of this Notice only

26 and without conceding liability for the claims alleged by plaintiff, or that plaintiff can properly

27 represent the putative class, that plaintiffs' claims place more than $5 million in controversy.

DEFENDANT'S NOTICE OF REMOVAL - 4
No. 2:19-cv-1205

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000  FAX: 206.223.7107

106666.1062/7741760.1

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in complaint); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered").  As the United States Supreme Court has held, a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 549, 554 (2014).  Moreover, the Ninth Circuit has instructed that removal is proper if, based on the allegations of the complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million.  *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" in some circumstances).  The action belongs in federal court once the proponent of federal jurisdiction has put forth damages estimates that "explain[] plausibly how the stakes exceed $5 million" unless plaintiff can show "it is *legally impossible* for the plaintiff to recover that much." *Rhoades v. Progressive Cas. Ins. Co., Inc.*, 410 F. App'x 10, at *1 (9th Cir. 2010) (citations omitted)(emphasis added).  In determining whether the amount in controversy is met, the Court considers all requested relief, "including … punitive damages, statutory penalties, and attorney's fees." *Lake v. Delta Air Lines, Inc.*, No. SACV 10-1775 DOC(Ex), 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011); *Korn*, 536 F. Supp. at 1205 (courts may consider the maximum statutory penalty allowed).  Under this standard, the amount in controversy is easily met.

14.  In the First Cause of Action, plaintiff alleges that workers are deprived of regular and overtime wages due to Home Depot's "policy and practice of deducting money from the paychecks" of hourly workers for The Homer Fund.  Compl. ¶ 6.2.  Plaintiff alleges

DEFENDANT'S NOTICE OF REMOVAL - 5
No. 2:19-cv-1205

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000 FAX: 206.223.7107

106666.1062/7741760.1

all of these deductions were unlawful and that Home Depot's practice of making such unlawful deductions was willful. *Id.* ¶¶ 6.2, 9.2. As a result, plaintiff seeks double the regular and overtime wages allegedly deprived. *Id.* ¶¶ 6.2, 9.2-9.3. Plaintiff files this claim on behalf of "all" hourly associates who have had any money deducted from their paychecks "at any time" within the three years prior to the filing of the complaint. *Id.* ¶ 5.2(a).

15. Since June 28, 2016, over 12,800 hourly employees in Washington have had money deducted from their paychecks for donations to The Homer Fund. Anderson Decl. ¶ 6. The deductions total approximately $1,076,402. *Id.* Doubling this amount as alleged in the complaint yields a damages estimate for this claim of **$2,152,804**, excluding interest.

16. In the Second Cause of Action, plaintiff alleges that Home Depot had a "policy and practice" of denying 10-minute rest breaks to employees who worked in the plaintiff's district "when they were scheduled to work five hours per shift." Compl. ¶¶ 4.8, 7.3. Plaintiff alleges this practice of denying rest breaks was willful. *Id.* ¶¶ 9.1-9.2. As a result, plaintiff seeks double the regular wages owed for missed rest breaks. *Id.* ¶¶ 7.5, 9.1-9.3. Plaintiff brings this claim on behalf of all hourly associates who worked at least one shift of five hours in a Home Depot store in plaintiff's district. *Id.* ¶ 5.2(c).

17. During the period June 28, 2016 through August 1, 2019, hourly, non-exempt employees worked 39,367 shifts of approximately five hours. Anderson Decl. ¶ 7. Using the average wage rate of these associates of $13.50 per hour, and estimating one missed 10-minute rest break in only 50 percent of shifts, the amount placed in controversy by plaintiff's rest break claim is approximately **$88,573.50**, excluding interest ((19,683 shifts x $2.25 (unpaid 10 minute break)) x 2). *See id.*

18. In the Third Cause of Action, plaintiff alleges that Home Depot has a "policy and practice" of requiring employees who work shifts that end after the store closes to the public to wait for a manager to unlock the store doors after clocking out. Compl. ¶¶ 4.3-4.6, 8.2. Plaintiff alleges that as a result of these "uniform policies and practices," employees whose shifts are scheduled to end after store closing spend "*substantial* time *each shift*" waiting

DEFENDANT'S NOTICE OF REMOVAL - 6
No. 2:19-cv-1205

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000  FAX: 206.223.7107

106666.1062/7741760.1

to leave the store after clocking out. *Id.* ¶ 4.4 (emphasis added).  Plaintiff alleges that the putative class was denied regular and overtime wages as a result of this practice. *Id.* ¶ 8.2. Plaintiff alleges this violation was willful, and seeks double the amount of unpaid regular and overtime wages. *Id.* ¶¶ 9.1-9.3.  Plaintiff brings this claim on behalf of all hourly associates who worked at least one shift that ended after the store closed to the public. *Id.* ¶ 5.2(b).

19. Since June 28, 2016, over 15,000 associates have worked 1,196,880 shifts that ended after a store closes. Anderson Decl. ¶ 8.  Using the average wage rate for these associates of **$14.21** per hour and estimating six minutes of wait time each shift, the amount placed in controversy by plaintiff's Third Cause of Action is **$3,399,139**, excluding interest ((1,196,880 shifts x $1.42) x 2).[3] *See id.*

20. In the Fifth Cause of Action, plaintiff alleges that Home Depot engaged in "deceptive acts and practices in commerce" in violation of the CPA by failing to pay putative class members in accordance with Washington law and through its communications to the general public regarding its pay practices and The Homer Fund. Compl. ¶¶ 10.1-10.5. Plaintiff seeks damages under RCW 19.86.090, which provides for actual and treble damages up to $25,000 per class member. *Id.* ¶ 10.5, RCW 19.86.090; *Korn*, 536 F. Supp. at 1205 (courts may consider the maximum statutory penalty allowed); *see also Smith v. Behr Process Corp.*, 113 Wn. App. 306, 345-46, 54 P.3d 665 (2002).

21. Considering only the damages for alleged unlawful deductions for the Homer Fund, the amount placed in controversy by plaintiff's Fifth Cause of Action is a minimum of **$3,288,964.98** (12,847 employees x $83.78 avg. deduction x 3). *See* Anderson Decl. ¶ 6. This amount does not take into account damages the putative class is seeking under the CPA for alleged rest period violation or off-the-clock time waiting for a manager to unlock the doors after store closing.

---

[3] Plaintiff's complaint supports the use of a 100% violation rate since he alleges that class members spent substantial time waiting "*each* shift" after clocking out. Compl. ¶ 4.4 (emphasis added). However, even if defendant assumed only a 50% violation rate, the amount put in controversy by plaintiff's Third Cause of Action would be $1,699,569.60 ((598,440 shifts x $1.42) x 2), which is more than sufficient to satisfy the threshold under CAFA.

DEFENDANT'S NOTICE OF REMOVAL - 7
No. 2:19-cv-1205

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000 FAX: 206.223.7107

106666.1062/7741760.1

22. In connection with each cause of action, plaintiff also seeks attorney's fees, which are included in the amount in controversy. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-94 (9th Cir. 2018) (the amount in controversy includes "attorneys' fees awarded under fee-shifting statutes or contract", including future attorneys' fees). The Ninth Circuit has established 25 percent of total potential damages as a benchmark for attorneys' fees. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998); *Deaver v. BBVA Compass Consulting & Benefits, Inc.,* No. 13-cv-00222-JSC, 2014 WL 2199645, at *6 (N.D. Cal. May 27, 2014) (accounting for attorneys' fees by adding 25 percent of potential damages and penalties to amount in controversy). Assuming attorney's fees of 25 percent on only plaintiff's *actual* amount in controversy (rather than double for his wage claims, as would be permitted) for *only* his First, Second, and Third Causes of Action described above places an additional **$705,000** in controversy. *See Johnson v. Tractor Supply Co.*, No. 19-cv-0270, 2019 WL 2004436, at *3-4 (W.D. Wash. May 7, 2019) (appropriate to include attorney's fees at rate of 25% "of the amount sought by Plaintiff.").

23. In short, even by conservative estimates, the total monetary relief placed in controversy by the complaint is well over **$9 million**. Therefore, the amount in controversy requirement is satisfied. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of evidence standard where defendant's conservative estimates exceeded the requisite amount).

24. <u>Venue</u>. The United States District Court for the Western District of Washington is the judicial district "embracing the place" where this action was filed by plaintiff and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

25. There are no grounds that would justify this Court in decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

DEFENDANT'S NOTICE OF REMOVAL - 8
No. 2:19-cv-1205

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000  FAX: 206.223.7107

106666.1062/7741760.1

WHEREFORE, Home Depot requests that the above action now pending in the Superior Court of Washington for King County be removed to this Court. In the event the Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on this issue.

DATED: August 1, 2019

                              LANE POWELL PC

                              By *s/ John S. Devlin*
                                  D. Michael Reilly, WSBA No. 14674
                                  John S. Devlin III, WSBA No. 23988
                                  P.O. Box 91302
                                  Seattle, WA 98111
                                  T: 206.223.7000 / F: 206.223.7107
                                  E: reillym@lanepowell.com
                                      devlinj@lanepowell.com
Attorneys for Defendant The Home Depot U.S.A., Inc.

---

DEFENDANT'S NOTICE OF REMOVAL - 9
No. 2:19-cv-1205

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000  FAX: 206.223.7107

106666.1062/7741760.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the following document was sent to the following CM/ECF participant:

Peter D. Stutheit, WSBA No. 32090
Stutheit Kalin LLC
1 SW Columbia, Suite 1850
Portland, Oregon 97258
Phone: (503) 493-7488
E: peter@stutheitkalin.com

Donald W. Heyrich, WSBA No. 23091
Jason A. Rittereiser, WSBA No. 43628
Rachel M. Emens, WSBA No. 49047
Henry Brudney, WSBA No. 52602
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
Phone: (206) 838-2504
E: dheyrich@hkm.com
jrittereiser@hkm.com
remens@hkm.com
hbrudney@hkm.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

Executed on the 1st day of August, 2019, at Seattle, Washington.

*s/Maria G. Raines*
Maria G. Raines, Legal Assistant

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P O BOX 91302
SEATTLE, WASHINGTON 98111
206.223.7000 FAX: 206.223.7107