1

2

3

4

5

6

7

8

9

10

11

12

SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR KING COUNTY

STEVE MOSHTAGH, an individual, on
behalf of himself and others similarly situated,

Plaintiffs,

vs.

THE HOME DEPOT U.S.A., Inc., a Delaware
Corporation;

Defendant.

**CLASS ACTION**

NO.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

13

14

Plaintiff Steve Moshtagh ("Representative Plaintiff"), on behalf of himself individually

and others similarly situated, alleges as follows for his Complaint:

15

16

## I. INTRODUCTION

17

18

19

20

21

22

23

24

25

1.1      Representative Plaintiff brings this class action against Defendant The Home

Depot, U.S.A., Inc. ("Home Depot") to recover unpaid regular wages, unpaid overtime wages,

penalties, interest, and attorneys' fees and costs, to obtain injunctive relief, and to redress Home

Depot's unlawful employment policies and practices of (1) failing to provide part-time hourly

employees statutorily required meal and rest breaks; (2) failing to compensate hourly employees

for mandatory work done before and after their scheduled shifts; and (3) making unlawful

payroll deductions to fund The Homer Fund, a Home Depot-run charity. Representative Plaintiff

brings this action to redress and remedy Home Depot's willful violations of Washington's wage

statutes.

CLASS ACTION COMPLAINT - 1

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

## II.  PARTIES

2.1     Plaintiff Steve Moshtagh is an individual residing in Kirkland, Washington. He worked at the Home Depot store in Bothell, Washington from approximately February 2016 to the present. Mr. Moshtagh was an hourly, non-exempt employee in Washington within 3 years of the date of this Complaint.

2.2     Defendant Home Depot is a publicly traded Delaware corporation. Home Depot is the world's largest home improvement retailer. It owns and operates 2,290 retail stores in North America, which employ over 400,000 individuals. Home Depot is one of the largest and most profitable retail companies on Earth, with fiscal 2018 revenue of over $108 billion. Home Depot owns and operates 45 retail stores in Washington state. Upon information and belief, there are more Home Depot stores and employees (and consequently, more putative Class Members) in King County than in any other county in Washington. Home Depot does extensive business in the State of Washington and King County.

## III.  JURISDICTION AND VENUE

3.1     Jurisdiction is appropriate because Home Depot has purposefully availed itself of the privileges of doing business in Washington by operating numerous retail stores and employing hourly employees therein. Home Depot employs numerous putative class members in King County, Washington. The unlawful acts alleged herein have a direct effect on individuals who work and live in Washington.

3.2     Venue is proper in King County because Home Depot: (a) presently transacts business in King County; (b) has an office for the transaction of business in King County; (c) transacted business in King County at the time Representative Plaintiff's causes of action arose; and (d) is subject to service of process in King County.

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

## IV.  FACTS

4.1     Under Washington law, Home Depot is required to (1) pay its hourly employees for the each hour they are on duty; (2) provide meal and rest periods to its hourly employees who work 5 hours in a shift; and (3) refrain from making payroll deductions unless those deductions are for the employee's benefit, and unless Home Depot and those acting in its interest derive no financial benefit from the deductions. Home Depot has violated each of these obligations.

4.2     Representative Plaintiff Steve Moshtagh has worked at the Home Depot store in Bothell, Washington ("Bothell Store") as an hourly employee since January 2016. Representative Plaintiff has worked as cashier, on the freight crew, and at the customer service counter of his home store in Bothell, Washington within the last three years. Mr. Moshtagh regularly worked shifts of 5 hours or more, and regularly worked shifts that ended after his store closed to the public.

### Facts Related to Post-Shift Work

4.3     Home Depot schedules many Hourly Store Employees for shifts that end after the store in which the employee is working closes to the public. It is Home Depot's company-wide policy to lock the doors to its retail stores upon closing. Thus, employees whose shifts end after closing cannot leave the store without first locating a manager or "key holder" to unlock the door. Home Depot requires such employees to sign out on the electronic time-keeping system before locating a key holder to unlock the store.

4.4     As a result of these uniform policies and practices, employees whose shifts are scheduled to end after store closing spend substantial time each shift waiting to leave the store after punching out for the day.

4.5     Representative Plaintiff regularly worked shifts that ended after his store closed

CLASS ACTION COMPLAINT - 3

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1   and was regularly forced to find a manager or key holder before leaving the store. On all such

2   occasions, Representative Plaintiff was required to, and in fact did, punch out of the time-

3   keeping system before finding the manager or key holder to unlock the store door so he could

4   leave.

5         4.6   The time spent by Hourly Store Employees, including Representative Plaintiff, in

6   between punching out and leaving the store after closing hours is compensable under

7   Washington law because such employees were on duty, on a prescribed location, at a prescribed

8   time, and subject to Home Depot's control.

9

10   **Facts Related to Missed Meal and Rest Breaks**

11         4.7   As a Washington employer, Home Depot was required to provide Hourly Store

12   Employees with an unpaid meal period whenever an employee works more than 5 hours per

13   shift, and a paid rest period whenever an employee works 4 hours per shift.

14         4.8   It was Home Depot's policy and practice at the Bothell Store and in the district

15   where the Bothell Store was located to deny Hourly Store Employees, including Representative

16   Plaintiff, their rest breaks when they were scheduled to work 5 hours per shift.

17   **Facts Related to Unlawful Payroll Deductions**

18         4.9   Home Depot, through its employees and agents, controls an entity known as the

19   THDF II, Inc. dba The Home Depot Foundation and The Homer Fund ("THDF"). THDF has two

20   divisions: (1) The Homer Fund, and (2) The Home Depot Foundation. THDF is registered as a

21   501(c)(3) organization that is purportedly exempt from income tax.

22         4.10   Although ostensibly a separate legal entity, THDF is an agent and instrumentality

23   that is controlled entirely by the Home Depot. For instance, Home Depot provides THDF office

24   space. THDF's board is of trustees is comprised entirely of Home Depot employees. THDF's

25

CLASS ACTION COMPLAINT - 4

executive director is a former long-term Home Depot employee. THDF's operations are funded substantially by Home Depot, and THDF serves Home Depot's public relations goals.

4.11    THDF is the umbrella organization for The Homer Fund.

4.12    The Homer Fund is, according to Home Depot's corporate public relations campaign, a "charity" to help Home Depot associates in times of need that is funded by "donations" made by Home Depot's hourly employees. Home Depot actively, openly and notoriously pressures Hourly Store Employees to divert a portion of their wages to The Homer Fund.

4.13    Home Depot goes to great efforts to solicit these so-called "donations." Home Depot devotes substantial time and resources to maintaining a hierarchy of "Community Captains" whose role it is to ensure widespread participation in The Homer Fund by hourly retail employees. There are "Community Captains" at the regional, district, and store level, each with specific roles and duties to encourage employees to donate to The Homer Fund.

4.14    Community Captains have particular fundraising goals and are rewarded for meeting those goals. Home Depot is aware that employees are more likely to donate more money to The Homer Fund if money is given through recurring payroll deductions than if it is given through a one-time donation. Home Depot knows that payroll deductions sustain The Homer Fund. Home Depot maintains a significant internal public relations and marketing campaign designed to encourage Hourly Store Employees to donate to The Homer Fund through recurring payroll deductions. Hourly Store Employees are heavily pressured to sign forms authorizing such deductions.

4.15    As a result, virtually every Hourly Store Employee, including Representative Plaintiff, has money automatically deducted from his or her paycheck for The Homer Fund. Although virtually all employees have deductions taken from their paychecks for The Homer

CLASS ACTION COMPLAINT - 5

Fund, only a small fraction of employees who "donate" actually receive charity from The Homer Fund. The Homer Fund maintains particular criteria for when an hourly employee may qualify for The Homer Fund assistance. Giving to The Homer Fund is no guarantee that an employee will actually receive money from The Homer Fund.

4.16    Home Depot derives substantial benefit from the payroll deductions that sustain The Homer Fund. Home Depot has built a sophisticated marketing campaign around its charitable activities, including The Homer Fund, because Home Depot believes that some consumers are more likely to patronize businesses that engage in charity. Home Depot's internet, print, and social media public relations efforts and advertising prominently tout Home Depot's charitable activities, including The Homer Fund.

## Facts Related to Consumer Protection Act Claim

4.17    Home Depot recruits Hourly Store Employees from a pool of candidates from the general public. It advertises for positions through various mediums accessible to the general public. Home Depot's recruitment and marketing materials represent that Home Depot complies with applicable wage and hour laws.

4.18    Home Depot's public marketing materials, public relations efforts and shareholder communications frequently boast of Home Depot's employment practices. For instance, a webpage titled "Our Associates" on Home Depot's corporate website states: "we consider our associates our biggest competitive advantage, and it's our responsibility to and privilege to take care of them." That same website states, regarding The Homer Fund, "Associates proudly support the Fund because the unexpected can happen to anyone."

4.19    These and similar communications falsely represent to the public that Home Depot complies with Washington's wage statutes and that The Homer Fund donations are

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

coercion free and legal, when in fact the opposite is true.

4.20    Home Depot's actions have substantial likelihood of deceiving the public.

## V.    CLASS ALLEGATIONS

5.1    Representative Plaintiff brings this action on his own behalf, as well as on behalf of all other similarly situated employees.

5.2    Plaintiffs' proposed classes are defined as follows:

a.    <u>Hourly Store Employee Subclass</u>: All hourly, non-exempt Home Depot employees who worked in a Home Depot retail store in Washington and had money deducted from their paychecks for The Homer Fund, at any time within the period beginning three years prior to the filing of this Complaint to the date of certification of the class.

b.    <u>Post-Closing Shift-End Subclass</u>: All hourly, non-exempt Home Depot employees who worked at least one shift in a Home Depot retail store in Washington that ended after the store closed to the public at any time within the period beginning three years prior to the filing of this Complaint to the date of certification of the class.

c.    <u>Part-Time Rest Period Subclass</u>: All hourly, non-exempt Home Depot employees who worked at least one shift of five hours in the district in which Representative Plaintiff worked at any time within the period beginning three years prior to the filing of this Complaint to date of certification of the class.

All of the members of the classes are collectively referred to as "Class Members." As used in this Complaint, the "relevant time period" is from three years prior to the filing of this Complaint until certification of the class in this lawsuit with respect to each subclass.

5.3    As enumerated above, Home Depot engaged in common acts, practices and policies that violated the Representative Plaintiff and Class Members' rights under Washington state wage and hour and consumer protection laws.  Accordingly, Representative Plaintiff seeks certification of the proposed classes under CR 23.

5.4    Representative Plaintiff's claims meet the requirements for certification. There is

CLASS ACTION COMPLAINT - 7

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

a well-defined community of interest in the litigation and the Class Members are readily ascertainable.

a. <u>Numerosity</u>:  Each Class is so numerous that joinder of all Class Members is infeasible and impractical.  The membership of each of class is unknown to Plaintiff at this time.  However, based on Plaintiff's investigation, and on information and belief, the number of Class Members is reasonably estimated to exceed 1,000. The identity of Class Members is readily ascertainable from Home Depot's employment records.

b. <u>Typicality</u>: Representative Plaintiff's claims are typical of those of the other Class Members because:

i.   Representative Plaintiff is a member of the classes.

ii.  Representative Plaintiff's claims stem from the same practice or course of conduct that forms the basis of the class claims.

iii. All of the Class Members' claims are based on the same facts and legal theories.

iv.  There is no antagonism between Representative Plaintiff's interests and the Class Members, because their claims are for damages provided to each individual employee by statute.

v.   The injuries that Representative Plaintiff suffered are similar to the injuries that the Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

c. <u>Adequacy</u>:   Representative Plaintiff will fairly and adequately protect the interests of the Class because:

i.   There is no conflict between Representative Plaintiff's claims and

CLASS ACTION COMPLAINT - 8

those of the other Class Members.

    ii.  Representative Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any Class Member.

    iii.  Representative Plaintiff agrees to actively participate in the case and protect the interests of the putative Class Members.

    iv.  Representative Plaintiff has retained counsel experienced in handling wage-and-hour class actions who have already devoted substantial time and resources to investigating the Class Members' claims and who will vigorously prosecute this litigation.

    v.  Representative Plaintiff's claims are typical of the claims of Class Members in that his claims stem from the same practice and course of conduct that forms the basis of the class claims.

  d.  <u>Superiority:</u>  Class action adjudication is superior to other methods of adjudication for at least the following reasons:

    i.  The common questions of law and fact described below predominate over questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages.

    ii.  The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

    iii.  Individual Class Members would have little interest in controlling the

CLASS ACTION COMPLAINT - 9

litigation due to the relatively small size of most claims, and because Representative Plaintiffs and their attorneys will vigorously pursue the claims on behalf of the Class Members.

    iv.  A class action will be an efficient method of adjudicating the claims of the Class Member employees.

    e.    <u>Public Policy Considerations:</u>  Employers in Washington regularly violate wage and hour and other employment laws.  The value of individual and employee's claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights while at the same time protection their privacy.

    f.    <u>Predominance:</u> There are questions of law and fact common to the Class Members, which predominate over any issues involving only individual class members, including but not limited to, whether:

    a.  Home Depot's policies require that the store be locked upon closing to the public;

    b.  Home Depot regularly schedules employees to work shifts that end after stores close;

    c.  Home Depot has or had a policy or practice of requiring employees whose shifts end after a store closes to sign out of the electronic time-keeping system before locating a manager or key holder to unlock the store doors;

    d.  Home Depot had or has a policy of denying employees who work 5 or

CLASS ACTION COMPLAINT - 10

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

6 hours shifts meal periods and/or rest breaks;

    e.   Class Members regularly donate to The Homer Fund through payroll deductions;

    f.   Class Members sign written authorizations for such deductions;

    g.   THDF is an agent of Home Depot;

    h.   Home Depot derives financial benefit or from the payroll deductions to The Homer Fund;

    i.   THDF acts in Home Depot's interest;

    j.   THDF derives financial benefit from the payroll deductions to The Homer Fund;

    k.   Home Depot's policies and practices, described above, resulted in an underpayment of wages;

    l.   Home Depot's violations were willful.

## VI.  FIRST CAUSE OF ACTION – UNLAWFUL WAGE DEDUCTIONS
### (on behalf of Representative Plaintiff and the Hourly Store Employee Subclass)

6.1    Representative Plaintiff realleges paragraphs 1.1 through 5.4 of the Complaint and hereby incorporate the same by reference.

6.2    Home Depot's policy and practice of deducting money from paychecks of Hourly Store Employee Subclass members for The Homer Fund deprives Class Members of pay for all regular and overtime hours worked in violation of Washington law, including WAC 296-126-028, RCW 49.46 *et seq.*, RCW 49.48 *et seq.*, and RCW 49.52 *et seq.*

6.3    As a result of Home Depot's acts and omissions, Representative Plaintiff and Hourly Store Employee Subclass members have been damaged in amounts to be proven at trial.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

## VII.  SECOND CAUSE OF ACTION – FAILURE TO PROVIDE REST BREAKS
### (On behalf of Representative Plaintiff and the Rest Break Subclass)

7.1     Representative Plaintiff realleges paragraphs 1.1 through 6.3 of the Complaint and hereby incorporates the same by reference.

7.2     Under Washington law, Home Depot was required to provide employees scheduled to work 5 hours in a shift both (1) a meal period, and (2) a rest break. The rest break was required to be on Home Depot's time.

7.3     In Representative Plaintiff's district, Home Depot maintained a policy and practice of not providing the required ten-minute rest periods to employees that were scheduled to work 5-hour shifts, including Representative Plaintiff.

7.4     Home Depot failed to compensate such employees for their missed rest periods in violation of Washington law, including RCW 49.12.020, RCW 49.46 *et seq.*, RCW 49.48 *et seq.*, and WAC 296-126-092.

7.5     As a result of Home Depot's unlawful acts and omissions, Representative Plaintiff and Rest Break Subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and Rest Break Subclass Members are entitled to the recovery of damages for their missed rest breaks, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII.  THIRD CAUSE OF ACTION – FAILURE TO PAY FOR ALL TIME ON DUTY
### (on behalf of Representative Plaintiff and the Post-Closing Shift-End Subclass)

8.1     Representative Plaintiff realleges paragraphs 1.1 through 7.5 of the Complaint and hereby incorporates the same by reference.

8.2     Home Depot's policy and practice of requiring Post-Closing Shift-End subclass members to clock out and then wait for a manager to unlock the store doors before leaving the premises deprived Post-Closing Shift-End Subclass members of pay for all regular and overtime

CLASS ACTION COMPLAINT - 12

hours worked, in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, and RCW 49.52.050.

8.3     As a result of Home Depot's acts and omissions, Representative Plaintiff and Post-Closing Shift-End Subclass members have been damaged in amounts to be proven at trial.

## IX.     FOURTH CAUSE OF ACTION – WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF WASHINGTON LAW
### (on behalf of Representative Plaintiff and all Class Members)

9.1     Representative Plaintiff realleges paragraphs 1.1 through 8.3 of the Complaint and hereby incorporate the same by reference.

9.2     Home Depot's acts and omissions described herein were willful.

9.3     As a result, Representative Plaintiff and Class Members are entitled to twice their actual damages, attorneys' fees, and costs, under RCW 49.52.070.

## X.     FIFTH CAUSE OF ACTION – CONSUMER PROTECTION ACT
### (on behalf of Representative Plaintiff and all Class Members)

10.1     Representative Plaintiff realleges paragraphs 1.1 through 9.3 of the Complaint and hereby incorporate the same by reference.

10.2     Home Depot's failure to pay Class Members in accordance with Washington law is a deceptive act or practice in trade or commerce.

10.3     Home Depot's communications to the general public regarding its pay practices and The Homer Fund are deceptive acts or practices in commerce.

10.4     Representative Plaintiff has been injured in his business or property by Home Depot's wrongful conduct.

10.5     Representative Plaintiff and Class Members are entitled to damages pursuant to RCW 19.86.030 & RCW 19.86.090.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff prays for relief as follows:

A.      That this action be certified as a Class Action;

B.      That Steve Moshtagh be appointed as representative of the Class Members;

C.      That the undersigned counsel for Representative Plaintiff be appointed as Class Counsel;

D.      A judgment awarding Representative Plaintiff and Class Members compensatory damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

C.      An order requiring Defendant to immediately cease its wrongful conduct as set forth above;

F.      Statutory penalties as permitted by law;

D.      Reasonable attorney's fees and costs pursuant to RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070, and RCW 19.86090; and

E.      Whatever further and additional relief the court shall deem just and equitable.

CLASS ACTION COMPLAINT - 14

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1

Respectfully submitted this 28th day of June, 2019.

2

3

*/s/ Peter Stuteit*

4

Peter D. Stutheit, WSBA No. 32090
**STUTHEIT KALIN LLC**

5

1 SW Columbia, Suite 1850
Portland, Oregon 97258

6

Phone: (503) 493-7488
Email: peter@stutheitkalin.com

7

8

*/s/ Donald W. Heyrich*

9

Donald w. Heyrich, WSBA No. 28897
Jason A. Rittereiser, WSBA No. 43628
Rachel M. Emens, WSBA No. 49047

10

Henry Brudney, WSBA No. 52602
**HKM EMPLOYMENT ATTORNEYS LLP**

11

600 Stewart Street, Suite 901
Seattle, WA 98101

12

Phone:   206-838-2504
E-mail:   dheyrich@hkm.com

13

            jrittereiser@hkm.com
            remens@hkm.com

14

            hbrudney@hkm.com

15

*Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

CLASS ACTION COMPLAINT - 15

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504