UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE MOSHTAGH, an individual on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT U.S.A., Inc., a Delaware corporation,<br><br>Defendant. | CASE NO. C19-1205RSM<br><br>ORDER DENYING MOTION TO CONTINUE CLASS CERTIFICATION DEADLINES |

This matter comes before the Court on Defendant Home Depot's Motion to Continue Class Certification Deadlines. Dkt. #31. This case was originally filed in 2019 with a class certification deadline in April, 2020. Class certification deadlines were continued twice by stipulation of the parties, the second time due to difficulties caused by the pandemic. *See* Dkts. #28 and #30.

Home Depot now states that "[d]ue to ongoing travel and other restrictions caused by the current pandemic, Home Depot has been, and remains, unable to collect the evidence it reasonably anticipates will be necessary to oppose plaintiff's class certification motion," specifically "video evidence to rebut plaintiff's claim that putative class members are systematically forced to wait to exit when their shifts end after the stores are closed to the public." Dkt. #31 at 1. Home Depot's Motion relies heavily on the following paragraph from Regional Human Resources Director Michele Rustvold, submitted via declaration:

ORDER DENYING MOTION TO CONTINUE CLASS CERTIFICATION DEADLINES – 1

> 3. Collecting and downloading surveillance video in Home Depot stores will require specialized personnel to travel to each store to perform certain manual procedures. The performance of such procedures at this time, and the resulting addition of non-essential personnel who would may [sic] come into contact with Home Depot employees and customers during this process, would be inconsistent with Home Depot's current restrictions and with current COVID-19 guidance and orders in the state of Washington. Due to storage limitations and cost, the video footage from Home Depot's in-store cameras is retained locally for approximately ninety days and then overwritten.

Dkt. #33 at 2. This is it; there is no further evidentiary support submitted to the Court explaining the difficulties in obtaining surveillance video.

Before addressing the merits of this Motion, the Court points out when it was filed. This Motion was noted for consideration on January 22, 2021. Plaintiffs' motion for class certification was due on January 21, 2021, and indeed has been filed already. Dkt. #39. Under this Court's Local Rules, a motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court time to rule on the motion prior to the deadline. LCR 7(j). The Court finds that Defendant Home Depot has not been diligent in filing the instant Motion for Extension of Time. This issue was well known to Home Depot for many months, yet the instant Motion was not filed with enough time for the Court to rule prior to the deadlines in question, not even close. Home Depot has not set forth adequate explanation for their delay in filing this Motion. The Motion could easily be denied on that basis.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the

ORDER DENYING MOTION TO CONTINUE CLASS CERTIFICATION DEADLINES – 2

scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

Home Depot has failed to demonstrate diligence in obtaining the surveillance videos in question. The Court is well aware of the challenges caused by the current pandemic and the safety measures that must be taken. However, Home Depot's position that it cannot collect video evidence from stores that are currently open to the public strikes the Court as poorly supported and potentially disingenuous. It is not enough for Home Depot to submit a paragraph from an HR director stating that it is impossible to send in "specialized personnel" to some backroom of an open and operating Home Depot. The Court can easily imagine how such would be possible to perform in a safe way. It is also not clear from the record why existing staff at a Home Depot cannot access or handle the security footage of the store they run and send it to the "specialized personnel." Home Depot has had many months to work out a way to do this safely. What Home Depot has submitted in terms of evidence to support this Motion fails to demonstrate diligence.

Given all of the above, and after reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Home Depot's Motion to Continue Class Certification Deadlines, Dkt. #31, is DENIED.

DATED this 25th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO CONTINUE CLASS CERTIFICATION DEADLINES – 3